24CA0966 Peo v Brooks 08-07-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0966
Weld County District Court No. 09CR959
Honorable Julie C. Hoskins, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Jason Trevor Brooks,

Defendant-Appellant.

---

ORDER AFFIRMED

Division VII
Opinion by JUDGE PAWAR
Lipinsky and Lum, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced August 7, 2025

---

Philip J. Weiser, Attorney General, Lisa K. Michaels, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Jason Trevor Brooks, Pro Se

¶ 1     Defendant, Jason Trevor Brooks, appeals the district court's order denying his most recent Crim. P. 35(c) motion without a hearing. We affirm.

## I.     Background

¶ 2     In 2010, Brooks pleaded guilty to four counts of securities fraud. As part of the plea, he agreed to pay restitution. The district court accepted the plea, sentenced Brooks to an aggregate sentence of thirty-two years in the custody of the Department of Corrections, and ordered him to pay $5,131,760.96 in restitution. Brooks filed a direct appeal but later dismissed it. The mandate issued in 2011.

¶ 3     Thereafter, Brooks filed numerous unsuccessful postconviction motions and appeals. *See People v. Brooks*, (Colo. App. No. 12CA1781, Mar. 6, 2014) (not published pursuant to C.A.R. 35(f)) (*Brooks I*); *People v. Brooks*, (Colo. App. No. 16CA0755, June 29, 2017) (not published pursuant to C.A.R. 35(e)) (*Brooks II*); *People v. Brooks*, (Colo. App. No. 18CA0366, Mar. 28, 2019) (not published pursuant to C.A.R. 35(e)) (*Brooks III*); *People v. Brooks*, (Colo. App. No. 19CA1032, Feb. 6, 2020) (not published pursuant to C.A.R. 35(e)) (*Brooks IV*); *People v. Brooks*, (Colo App. No. 22CA0316) (not published pursuant to C.A.R. 35(e)) (*Brooks V*).

¶ 4     In April 2024, Brooks filed the postconviction motion underlying this appeal.  In it, he alleged that (1) his trial counsel was ineffective for failing to advise him that his restitution obligation would remain enforceable even after he discharged his sentence; (2) the district court provided a constitutionally deficient Crim. P. 11 advisement concerning his obligation to pay restitution; and (3) the interest imposed on the restitution amount violated the Eighth Amendment's Excessive Fines Clause.  Brooks acknowledged that his motion was untimely and successive but argued that it fell within exceptions to those procedural bars.

¶ 5     The district court denied the motion in a written order, concluding that it was both untimely and successive.  Brooks appeals, claiming that the district court erred by denying his motion without a hearing.  Because his motion was untimely and successive, we disagree.

II.    Applicable Law and Standard of Review

¶ 6     Crim. P. 35(c) permits defendants to challenge their convictions and sentences on multiple grounds.  *See* Crim. P. 35(c)(2).  But such a motion is subject to two procedural bars.  First, absent justifiable excuse or excusable neglect, the claim must

be brought within three years of the date the conviction became final (for non-class 1 felonies). § 16-5-402(1), (2)(d) C.R.S. 2024; Crim. P. 35(c)(3)(I). And second, subject to certain exceptions, the district court is required to deny any claim that is successive — that is, a claim that was raised and resolved, or that could have been presented, in a previous appeal or postconviction proceeding. Crim. P. 35(c)(3)(VI), (VII).

¶ 7     We review de novo the denial of a motion for postconviction relief without an evidentiary hearing. *See People v. Cali*, 2020 CO 20, ¶ 14. Likewise, we review de novo whether a motion for postconviction relief alleges facts that, if true, would establish justifiable excuse or excusable neglect to warrant a hearing on the application of this exception to the time bar set forth in section 16-5-402(1), *see People v. Hinojos*, 2019 CO 60, ¶ 12, and whether a postconviction claim is successive, *see People v. Thompson*, 2020 COA 117, ¶ 42.

### III.    Analysis

¶ 8     Initially, we reject Brooks's contention that the district court abused its discretion by not reading the brief attached to his Form 4 motion. That is because, as noted, our review is de novo, and we

may affirm the district court's order for any reason supported by the record. *People v. Hamm*, 2019 COA 90, ¶ 23. Having reviewed the record, we conclude that the district court did not err by ruling that Brooks failed to establish justifiable excuse or excusable neglect to excuse the untimely filing and successive nature of his Crim. P. 35(c) motion.

¶ 9 First, Brooks asserts that he had a justifiable excuse or demonstrated excusable neglect for the late filing because he could not have brought his present constitutional challenges until after the United States Supreme Court decided *Class v. United States*, 583 U.S. 174 (2018). But Brooks made this same argument in *Brooks V*. *See Brooks V*, slip op. at ¶ 5. We agree with the division in *Brooks V* that Brooks could have collaterally attacked his conviction on constitutional grounds before the United States Supreme Court announced *Class*. *See id.* at ¶ 13.

¶ 10 Next, Brooks asserts there was justifiable excuse or excusable neglect for his late filing because he was not aware that his restitution obligation would remain enforceable even after he discharged his sentence and "$3.6 million was stolen from him by the State on March 26, 2024."

¶ 11     The record shows that restitution has been an important issue for Brooks throughout the more than thirteen years of postconviction proceedings in this and the related cases.  For example, in the supplement to Brooks's first Crim. P. 35(c) motion, filed in 2011, he claimed that "one of the key reasons he took the plea offer was to limit his criminal and financial exposure" and, had he been advised that "his criminal and financial exposure would include all the charges, including dismissed ones, he would not have [pleaded] guilty and would have gone to trial."  In Brooks's second postconviction motion, filed in 2014, he clarified that "he was aware of the financial restitution exposure" but did not understand that his plea included an admission that he proximately caused damage to all the listed victims.  In his 2015 Crim. P. 35(b) motion requesting reduction of his sentence, Brooks noted that "he has his entire life to pay back restitution."  And in the series of postconviction motions he filed between 2015 and 2019, Brooks challenged the interest that had accrued on his restitution obligation.  *See Brooks II*; *Brooks III*; *Brooks IV*.

¶ 12     This record supports a finding that, long before 2024, Brooks had reason to question the validity of his conviction as it relates to

the claims raised in the underlying postconviction motion before 2024, and that there were no circumstances or outside influences that hindered him from pursuing these issues much earlier. *See People v. Slusher*, 43 P.3d 647, 651 (Colo. App. 2001) ("[R]ecent discovery of a legal basis for a collateral attack on a conviction does not constitute excusable neglect where the defendant has not otherwise demonstrated some unavoidable hindrance that would cause a reasonably prudent person to neglect to pursue timely collateral relief."). Because Brooks did not allege facts that, if true, would justify his decade-late Crim. P. 35(c) motion, the district court properly denied it as time barred.

¶ 13    We also conclude that the denial of Brooks's motion was appropriate under Crim. P. 35(c)(3)(VII) because, to the extent he raised new claims in the motion, he could have raised them in one of his prior postconviction motions or appeals. We are unpersuaded by Brooks's argument that these claims have never previously been litigated "as they were premised on new evidence" that "could not have been presented previously through the exercise of due diligence." True, Crim. P. 35(c)(3)(VII)(b) provides an exception for claims "based on evidence that could not have been

discovered previously through the exercise of due diligence." However, as discussed above, Brooks did not allege sufficient facts to show that he could not have previously discovered these claims through the exercise of due diligence.

¶ 14 Nor are we persuaded that Brooks's claim relating to the change in the law addressing the accrual of interest on restitution orders for inmates serving a sentence in the Department of Corrections "cannot be procedurally barred." As Brooks points out, the addition of section 18-1.3-603(4)(b.5)(I)(A), C.R.S. 2024, which effected this change, took effect in 2019. *See* Ch. 303, secs. 1, 3, § 18-1.3-603, 2019 Colo. Sess. Laws 2778-79. And because he could have raised, but failed to raise, this claim in his prior 2021 postconviction motion, the district court did not err by denying it. *See* Crim. P. 35(c)(3)(VII).

¶ 15 Accordingly, because the exceptions to Rule 35(c)'s time limitations and successiveness bar do not apply to Brooks's claims, the district court properly denied his motion.

## IV. Disposition

¶ 16 The order is affirmed.

JUDGE LIPINSKY and JUDGE LUM concur.